≋AO 245D   (Rev. 12/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

## Middle District of Alabama

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| **XAVIER HOPKINS** | Case No.   2:04cr214-WHA-03 |
| | USM No.   11550-002 |
| | Aylia McKee |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

X  was found in violation of condition(s)   1, 2 and 3 of the petition   after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to refrain from committing another federal, state or local crime | 7/5/08 |
| 2 | Failure to refrain from possessing a controlled substance | 7/5/08 |
| 3 | Failure to notify probation officer within 72 hours of being arrested | 7/10/08 |

　　　The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

　　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   1701

Defendant's Year of Birth:   1981

City and State of Defendant's Residence:
　　　Montgomery, AL

September 10, 2008
Date of Imposition of Judgment

*/s/ W. Harold Albritton/*
Signature of Judge

W. Harold Albritton, Senior U. S. District Judge
Name and Title of Judge

9/11/08
Date

Judgment — Page 2 of 3

DEFENDANT:       XAVIER HOPKINS
CASE NUMBER:     2:04cr214-WHA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

**36 months with no supervision to follow.**
It is ORDERED that the term of supervised release imposed on November 29, 2005, is REVOKED. The court has taken into consideration the policy statements in Chapter 7 of the Guidelines Manual, the guideline range, and all relevant information in imposing the sentence at 36 months, which the court finds to be sufficient, but not greater than necessary, (continued on page 3)

X  The court makes the following recommendations to the Bureau of Prisons:

   The court recommends that the Defendant be designated to a facility where drug treatment is available.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

DEFENDANT: XAVIER HOPKINS
CASE NUMBER: 2:04cr214-WHA

## ADDITIONAL IMPRISONMENT TERMS

to comply with the purposes set forth in paragraph (2) of 18 USC § 3553.

The court departs upward from the recommended guidelines for the following reasons: to reflect the seriousness of the offense of absconding after commission of a drug related crime, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to similar criminal conduct, to protect the public from further crimes of the Defendant, and to provide the Defendant an opportunity for needed drug counseling and treatment.